IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES A. FANNINGS, JR.                                                             PETITIONER

v.                                                                     No. 4:18CV193-DMB-JMV

JIM HOOD                                                            RESPONDENT

**ORDER DENYING PETITIONER'S MOTION [31]
FOR DISCOVERY**

This matter comes before the court on the motion [31] by the petitioner to conduct discovery in this case filed under 28 U.S.C. § 2254. "A *habeas* petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793 (1997). This is because, "[t]he guilt or innocence determination in state criminal trials is 'a decisive and portentous event,'" and "'[f]ederal courts are not forums in which to relitigate state trials.'" *Herrera v. Collins,* 113 S.Ct. 853, 861, 506 U.S. 390 (1993) (citing *Wainwright v. Sykes,* 433 U.S. 72, 90 (1977) and *Barefoot v. Estelle,* 463 U.S. 880, 887 (1983) overruled on other grounds).

As such, a federal court's role is ordinarily limited to a review of the state court's record – unless good cause exists to justify discovery. Good cause exists when a *habeas corpus* petitioner "establishes a *prima facie* case for relief." *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), *reh'g denied* May 5, 1969. When "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id*. at 300.

Rule 6 of the Federal Rules Governing Section 2254 Petitions, controls discovery in *habeas*

*corpus* proceedings, and echoes this holding, providing in pertinent part:

> (a) A judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. §3006A.
>
> (b) *A party requesting discovery must provide reasons for the request*. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

*See* Rule 6, Rules Governing Section 2254 Cases (emphasis added). Discovery may thus proceed only if the court, in its discretion and for good cause shown, grants leave to do so.

> The Fifth Circuit has addressed this issue:
>
> A federal habeas court must allow discovery and an evidentiary hearing ***only*** where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing. *Conclusionary allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing § 2254 Petitions; the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions.*

*Ward v. Whitley*, 21 F 3d. 1355, 1367 (5th Cir. 1994) (citations omitted) (emphasis added). Furthermore, "[t]he burden of showing the materiality of the information requested is on the moving party." *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001) (*See also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000)).

In the present case, the petitioner argues that he seeks a 2006 warrant stating that he was a fugitive from justice. The existence of such a warrant does not touch on any claims the petitioner has made in this case. As such, he has not met this burden, and the instant motion [31] for discovery is **DENIED**.

**SO ORDERED**, this, the 18th day of January, 2022.

/s/    Jane M. Virden
UNITED STATES MAGISTRATE JUDGE